IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01316-RM-NYW

MARSHALL ANDERSON

Plaintiff,

v.

MOUNTAIN STATES INSURANCE GROUP, INC. and MOUNTAIN STATES MUTUAL CASUALTY COMPANY

Defendant.

## DEFENDANT MOUNTAIN STATES MUTUAL CASUALTY COMPANY'S MOTION FOR INDEPENDENT MEDICAL EXAMS

Defendant Mountain States Mutual Casualty Company d/b/a Mountain States Insurance Group, by and through counsel, Messner Reeves LLP, hereby submits the following Motion for Independent Medical Exams (IMEs) as follows.

### INTRODUCTION AND BACKGROUND

1. Pursuant to the Courtroom/Minutes/Minute Order entered on December 14, 2015, Doc. 25, the Parties were to confer regarding IMEs and move to a formal motion stage if a dispute remains involving the number of requested IMEs.

2. The Parties conferred regarding the scheduling IMEs. Defendant explained the need for IMEs address Plaintiff's alleged injuries arising out of the at-issue car accident on May 10, 2010 for which he seeks to recover future medical expenses and future wage losses.

3. Defendant identified (1) a physiatrist to address Plaintiff's complaints of headaches, neck and upper back pain; (2) an Ear, Nose and Throat (ENT) physician to address Plaintiff's complaints of vertigo, ringing in the ears and light sensitivity; and (3) a neuropsychologist to perform an exam/testing to address the Traumatic Brain Injury (TBI) being asserted by Plaintiff.

4. Here, Plaintiff has alleged injuries and conditions which traverse numerous different, and highly specialized, medical disciplines. See Plaintiff's

1

Discovery Responses at p. 6, attached as **Exhibit A**. Plaintiff alleges that his TBI and complaints of vertigo, ringing in the ears and light sensitivity prevent him from returning to work. See Ex. A at p. 7. He is claiming damages for past and future medical expenses and lost wages in an amount exceeding 1.5 Million dollars. See Doc. 17 at p. 7.

5. Defendant is only requesting IMEs in the specific areas of medical expertise pertaining to the conditions that Plaintiff has put into issue by filing this lawsuit: (1) physical injuries related to his back/neck; (2) specific medical conditions that can only be addressed by an ENT physician – vertigo, ringing in the ears and vision sensitivities; and (3) a TBI.

6. However, even after conferral, the Plaintiff continues to object to the number of IMEs requested by Defendant.

## APPLICABLE LAW

7. F.R.C.P. 35 provides the court with discretion to order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

8. Physical or mental examination of a party is within the discretion of the trial court. *Stuart v. Burford*, 42 F.R.D. 591 (N.D.Okla.1967).

9. A district court does not abuse its discretion by ordering a Plaintiff to submit to neuropsychological examination by employer's expert witness where employee alleged that employer caused her mental, emotional, and medical condition to be impaired. *See Burleson v. Sprint Pcs Group*, 123 Fed.Appx. 957, 2005 WL 469655 (10th Cir. 2005).

10. F.R.C.P. 35 does not place a limit on the number of exams allowable. A court may order multiple physical examinations of a party. *Furlong v. Circle Line Statue of Liberty Ferry, Inc.*, 902 F.Supp. 65 (S.D.N.Y.1995).

## ARGUMENT

11. Here, Plaintiff has alleged injuries and conditions which traverse numerous different medical disciplines. See Ex. A. at p. 6. He is claiming damages for past and future medical expenses and lost wages in an amount exceeding 1.5 Million dollars. See Doc. 17 at p. 7.

12. In regard to an exam by a physiatrist, defense counsel suggested a more recent exam by physiatrist, Dr. Kathy McCranie, the physician that examined the Plaintiff in regard to his related Workers' Compensation claim. She last examined Plaintiff on August 29, 2012. Her exams only address Plaintiff's

complaints of headaches, neck and upper back pain. It is defense counsel's understanding that Plaintiff is amenable to another exam by Dr. McCranie.

13. Defense counsel has identified an ENT physician, Dr. Erik Kreutzer, to perform an IME to address Plaintiff's complaints of vertigo, ringing in the ears and light sensitivity that he claims prevents him from returning to work. It is defense counsel's understanding that Plaintiff is amenable to this exam.

14. Based on Plaintiff's disclosures and discovery responses, Plaintiff is asserting ongoing effects of a TBI. He has disclosed neuropsychological testing by Suzanne Kenneally, Psy.D. and asserts receiving and the need to continue receiving treatment for alleged related depression, anxiety and sleep disorders. See Ex A at p. 6. The testing for Plaintiff's alleged TBI, like Dr. McCranie's exam, is outdated as Dr. Kenneally's testing was performed on January 4, 2011 and her report was issued on January 10, 2011. Thus, Defense counsel has identified a neuropsychologist, Laura Rieffel, Phd., to perform an exam/testing as it pertains to the TBI asserted. It is defense counsel's understanding that Plaintiff's counsel is objecting to this third exam.

15. Despite Plaintiff's obligations under F.R.C.P. 26(a)(1) and Defendant's formal requests for Plaintiff's recent and up-to-date medical records, see Ex. A at pp. 15-18, at the time of this filing the most recent medical record for Plaintiff that has been provided to Defendant is from Dr. Vic Kadyan and dated October 14, 2013. This is in light of Plaintiff's interrogatory response signed on November 25, 2015 in which he states: "Further, my current doctor, Dr. Vic Kadyan has recently referred me to the Pain Institute of Idaho for evaluation. Ex. A at p. 7.

16. Defendant is simply requesting that Plaintiff undergo IMEs for both his physical **and** mental conditions that he has placed in controversy. For the foregoing reasons, good cause exists for Defendant's request that the Court enter an order that he undergo IMEs in all three areas that he is claiming injuries.

17. Defendant respectfully requests that the Court enter a specific order that Plaintiff undergo independent medical examinations as follows:

   a. Examination by physiatrist, Dr. Cathy McCranie based on her availability between the date of the Court's Order and March 9, 2016 providing one-weeks' time to meet the expert report deadline of March 16, 2016;
   b. Examination by ENT, Dr. Erik Kreutzer based on his availability between the date of the Court's Order and March 9, 2016 providing one-weeks' time to meet the expert report deadline of March 16, 2016;
   c. A 2 hour interview followed by 9am to 5pm testing with Laura Rieffel, Phd based on her availability between the date of the Court's Order and March 9, 2016 providing one-weeks' time to meet the expert report deadline of March 16, 2016.

3

Dated this the 9th day of February, 2016.

        Respectfully submitted,

**MESSNER REEVES LLP**

*/s/ Michael Caleb Meyer*
Michael Caleb Meyer, Esq. (#34292)
Mary Byrne Fletcher, Esq. (#42518)
MESSNER REEVES LLP
1430 Wynkoop Street, Suite 300
Denver, CO 80202
Telephone: 303-623-1800
    Fax: 303-623-0552
    E-mail:  cmeyer@messner.com
        mfletcher@messner.com
*Attorneys for Defendant Mountain States Mutual Casualty Company*

4

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 9, 2016, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and counsel of record:

D. Chadwick Calvert, Esq.
Collin Joseph Earl, Esq.
*Attorneys for Plaintiff*

/s/ Michael Caleb Meyer
Michael Caleb Meyer, Esq. (#34292)
Mary Byrne Fletcher, Esq. (#42518)
MESSNER REEVES LLP
1430 Wynkoop Street, Suite 300
Denver, CO 80202
Telephone: 303-623-1800
Fax: 303-623-0552
E-mail:  cmeyer@messner.com
         mfletcher@messner.com
*Attorneys for Defendant Mountain States Mutual Casualty Company*

5