**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01316-RM-NYW

MARSHALL ANDERSON,

    Plaintiff,

v.

MOUNTAIN STATES MUTUAL CASUALTY COMPANY,

    Defendant.

---

**ORDER**

---

Magistrate Judge Nina Y. Wang

This matter is before the court on Defendant's Motion for Independent Medical Exams ("Motion for Independent Medical Exams") [#33, filed February 9, 2016] and Plaintiff's Amended Unopposed Motion to Enlarge Discovery Deadlines ("Motion for Extension") [#36, filed March 15, 2016]. These Motions were referred to the court pursuant to the Order Referring Case dated June 19, 2015 [#7] and the memoranda dated February 9, 2016 [#34] and March 16, 2015 [#37].

**BACKGROUND**

In this action, Plaintiff Marshall Anderson ("Plaintiff or "Mr. Anderson") asserts three claims for Underinsured Motorist Benefits, Breach of Contract, and Violation of the Insurance Fair Conduct Act arising out of an automobile accident resulting in injury to Plaintiff. [#4]. Mr. Anderson contends that Defendant has "unreasonably delayed and/or denied payment of the

[underinsured motorist] benefits for the damages incurred," and that as a result of the unreasonable delay, he is entitled to recover "the covered benefit owed…plus statutory damages of two times the covered benefit, plus reasonable attorney fees and court costs."  [#4 at 7]. Specifically, Plaintiff claims damages in the form of past medical expenses, future medical expenses, past wage losses, future wage losses, and non-economic losses.  [#17 at 7].

## ANALYSIS

Rule 35 of the Federal Rules of Civil Procedure provides that a court may order an independent medical examination of a party where the party's mental or physical condition "is in controversy."  Fed. R. Civ. P. 35.  Rule 35 requires an affirmative showing by the moving party that each condition as to which the examination is sought is really and genuinely in controversy and good cause exists for ordering each particular examination.  *See Schlangenhauf v. Holder*, 379 U.S. 104, 118 (1964).  "Good cause" indicates that the showing is more than mere relevance, and is not merely a formality.  *Id.*  Rather, the court weighs the need for information against the individual's right to privacy.  *Id.*  The decision to grant or deny a Rule 35 examination is committed to the sound discretion of the court.  *See Simpson v. University of Colorado*, 220 F.R.D. 354, 362 (D. Colo. 2004).   Because the "in controversy" and the "good cause" requirements often implicate the same factors, the court may consider both issues together.  *Id*

On February 8, 2016, the undersigned presided over a Telephonic Discovery Conference regarding Defendant's request that Plaintiff undergo certain independent medical examinations ("IME").  *See* [#32].  The Parties agreed that IMEs administered by Dr. McCrainie and Dr. Kreutzer would go forward, and the court entertained discussion regarding the requested IME to be conducted by neuropsychologist Laura Rieffel, Ph.D..  [*Id.*]  This court instructed Defendant

to file a motion pursuant to Rule 35 for all requested IMEs, and for Plaintiff to respond in opposition within three days of Defendant filing the motion. [*Id.*] Defendant filed the instant Motion the following day, and this court subsequently *sua sponte* ordered Plaintiff to file any response on or before February 23, 2016. [#35]. Plaintiff has filed no response to date, suggesting to the court that the Parties may have reached resolution on this outstanding issue without further court intervention.

The Motion specifies that Plaintiff has "alleged injuries and conditions which traverse numerous different, and highly specialized, medical disciplines…Plaintiff alleges that his [traumatic brain injury] and complaints of vertigo, ringing in the ears and light sensitivity prevent him from returning to work." [#33 at 2]. Furthermore, Plaintiff seeks damages for past and future medical expenses and lost wages in an amount exceeding $1.5 million. [*Id.*] Defendant states it is requesting IMEs only with respect to the specific areas of injury that Plaintiff has asserted: "(1) physical injuries related to his back/neck; (2) specific medical conditions that can only be addressed by an ENT physician – vertigo, ringing in the ears and vision sensitivities; and (3) a TBI." [*Id.*] The court finds that Plaintiff has placed these medical conditions in controversy in this action and Plaintiff has not rebutted Defendant's arguments that each of these separate examinations is reasonable and necessary. Therefore, this court finds that good cause exists for the order directing the IMEs. This court also finds good cause for granting Plaintiff's unopposed request for two-week extensions to the pending discovery deadlines. *See* [#36]. Accordingly,

    **IT IS ORDERED** that:

        1. The Motion for Independent Medical Exams [#33] is **GRANTED**;

2. To the extent that these IMEs have not already proceeded upon agreement of the Parties, counsel shall meet and confer regarding the date, time, and location of the IMEs to be administered by Dr. McCranie, Dr. Kreutzer, and Dr. Reiffel and shall file a status report with the court on or before **March 23, 2016** with the information necessary for the court to issue an order consistent with Fed. R. Civ. P. 35, with the expectation that such examinations will proceed prior to **April 1, 2016**; and

3. The Amended Unopposed Motion to Enlarge Discovery Deadlines [#36] is **GRANTED**;

4. The deadline by which to complete discovery is extended from May 16, 2016 to **May 30, 2016**;

5. The deadline by which to file dispositive motions is extended from June 3, 2016 to **June 17, 2016**;

6. The deadline by which to disclose expert witnesses is extended from March 16, 2016 to **April 1, 2016**;

7. The deadline by which to disclose rebuttal exert witnesses is extended from April 15, 2016 to **May 2, 2016**;

All other dates remain set.

DATED: March 17, 2016         BY THE COURT:

                              s/Nina Y. Wang_____
                              United States Magistrate Judge

4