IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01316-RM-NYW

MARSHALL ANDERSON,

    Plaintiff,

v.

MOUNTAIN STATES MUTUAL CASUALTY COMPANY,

    Defendant.

**ORDER**

Magistrate Judge Nina Y. Wang

This matter is before the court on various discovery disputes raised in "Plaintiff's [sic] Marshall Anderson Written Material Submitted for April 15th, 2016 Conference" [#44, filed April 14, 2016] and "Defendant Mountain States Mutual Casualty Company's Written Materials Submitted for April 14, 2016 at 1:30 p.m. Discovery Conference" [#47, filed April 15, 2016]. These discovery issues are referred to this court pursuant to 28 U.S.C. § 636(b)(1)(A) and the Order Referring Case dated June 19, 2015 [#7].

**BACKGROUND**

Plaintiff Marshall Anderson ("Plaintiff or "Mr. Anderson") asserts three claims for Underinsured Motorist Benefits, Breach of Contract, and Violation of the Insurance Fair Conduct Act resulting from the denial of his claim for underinsured motorist ("UIM") insurance benefits by Defendant Mountain States Mutual Casualty Company ("Defendant" or "Mountain States"),

associated with an automobile collision involving Plaintiff and non-parties to this action. [#4]. In his Complaint, Mr. Anderson contends that Defendant has "unreasonably delayed and/or denied payment of the [underinsured motorist] benefits for the damages incurred," and that as a result of the unreasonable delay, he is entitled to recover "the covered benefit owed…plus statutory damages of two times the covered benefit, plus reasonable attorney fees and court costs." [#4 at 7]. A Scheduling Order was entered in this case on July 17, 2015, and provides for discovery closing on March 14, 2016. [#17]. By Order dated March 17, 2016, the deadline for discovery was extended until May 30, 2016. [#38].

Mr. Anderson now seeks an unredacted claims file, an evaluation, settlement authority, and reserve information from Defendant. Specifically, Plaintiff requests that the court "order that Defendant produce all of its claims information regarding reserve information in an un-redacted format, and produce all other documents listed in its Supplemental Privilege Log for an *in camera* review for the court." [#44 at 3]. Defendant contends that the information sought by Mr. Anderson is not discoverable, either because it is not reasonably calculated to lead to admissible evidence or because it is protected from disclosure by the attorney-client privilege. [#47]. The court addresses each of these issues in turn.

**ANALYSIS**

**I.   Reserve and Settlement Authority Information**

Mr. Anderson asserts that Defendant should be required to produce all of its claims information regarding reserve information in an unredacted format, because it is relevant to his claims of bad faith. [#44 at 3]. Mr. Anderson also seeks information regarding the settlement authority. [#44 at 1]. "Reserves are the funds insurance companies set aside to cover future

expenses, losses, claims, or liabilities associated with a particular case….settlement authority generally refers to an insurance agent's ability to accept an offer of settlement that binds the principal up to and including a certain amount of money." *See Sunahara v. State Farm Mut. Auto. Ins. Co.*, 280 P.3d 649, 656 (Colo. 2012) (internal quotations and citations omitted). Reserve information and settlement authority do not typically reflect a thorough factual or legal evaluation of the case at hand. *Id.* Rather, they reflect a basic evaluation of the value of the claim and the risk of an adverse judgment. *Id.*

Rule 26(b)(1) governs the discoverability of information in this action,[1] and provides in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (eff. Dec. 1, 2015).[2] In this case, Plaintiff seeks the reserve and settlement authority information not for the purposes of assigning a value to the claim, but to

---

[1] Under the *Erie* doctrine, a federal court sitting in diversity applies state substantive law, but federal procedural law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938).

[2] Pursuant to 28 U.S.C. § 2074(a) and the Order of the Supreme Court dated April 29, 2015, the amendment shall govern all civil cases commenced after December 1, 2015 and "insofar as just and practicable, all proceedings then pending." *See* http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf.

Because this court concludes that these obligations were attendant on Parties before the amendments to the Rules, *see Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-CV-01644-REB-CBS, 2010 WL 502721, at *10 (D. Colo. Feb. 8, 2010), this court applies Rule 34, as effective December 1.

ascertain whether Defendant acted in good faith while handling his claim. [#44]. Defendant does not contend that this information is privileged, but, relying upon the Colorado Supreme Court's holding in *Sunahara v. State Farm*, objects to its production based on lack of relevance.

Like *Sunahara*, this case involves a first-party claim brought by an insured against an insurer for UIM benefits. Unlike *Sunahara*, Mr. Anderson has also brought a claim for bad faith against Mountain States. The Colorado Supreme Court in *Sunahara* observed:

> [W]e noted in *Silva* that reserves and settlement authority—and, under our reasoning in this case, the liability assessments and fault evaluations underlying those figures as well—might be relevant and reasonably calculated to lead to admissible evidence when a first-party plaintiff sues his or her insurance company for bad faith or for a declaratory judgment. *Silva,* 47 P.3d at 1193. In bad faith and declaratory judgment actions, evidence of reserves and settlement authority could shed light on whether the insurance company adjusted a claim in good faith, or promptly investigated, assessed, or settled an underlying claim. *Id.*

*Sunahara*, 280 P.3d at 657-58. As discussed above, Plaintiff contends that Mountain States has unreasonably delayed and/or denied benefits to him that are payable under the UIM policy. [#4 at ¶¶ 47-48]. Plaintiff further alleges that Defendant "has not thoroughly and fairly evaluated the Plaintiff's claims and has not complied with the terms and agreements set forth in the Policy that covers the Plaintiff. The Defendant has been evasive in not timely responding to the Plaintiff's claims" and that Defendant has "been unreasonable and negligent in the handling of the Plaintiff's claims." [*Id.* at ¶¶ 70, 71]. In the description of his claims as reflected in the Scheduling Order, Mr. Anderson further explains that "[a]fter numerous attempts to settle with the Defendant, a settlement was unsuccessful and Plaintiff was forced to dilute his policy and pursue litigation." [#17 at 2].

In light of these allegations, this court finds that Mr. Anderson should be permitted to discover information, currently withheld, that reflects the Defendant's reserves and settlement

authority relevant and proportional to Plaintiff's asserted bad faith claim. *See Toy v. Am. Family Mut. Ins. Co.,* No. 12-cv-01683-PAB-MJW, 2014 WL 485962, at *2 (D. Colo. Feb. 6, 2014); *Seabron v. Am. Family Mut. Ins. Co*., 862 F. Supp. 2d 1149, 1158 (D. Colo. 2012), order clarified on reconsideration (June 26, 2012) ("the court finds that evidence of reserves and settlement authority, or other 'values' applied to the claim in monetary terms, are discoverable in a case like this and Defendants may not redact such information from the claims and legal files produced pursuant to this Order. For the same reasons, information about reserves and settlement authority, or other 'values' applied to the named plaintiff's claims in monetary terms, that was redacted in the named plaintiffs' claim and legal files previously produced shall be provided"); *Colorado Mills, LLC v. Philadelphia Indem. Ins. Co*., No. 12-CV-01830-CMA-MEH, 2013 WL 1340649, at *8 (D. Colo. Apr. 2, 2013) ("Here, the Plaintiff brings claims for breach of the covenant of good faith and fair dealing/insurer bad faith with respect to Defendant's denial of its first-party claim. Defendant contends that reserves are intended to satisfy statutory and regulatory requirements and, thus, are not evidence of an insurer's valuation of a claim. []. However, the Court finds that reserve information may be relevant for the purposes set forth in *Sunahara* and *Silva*.").

Accordingly, Defendant must produce the information related to reserves and settlement authority currently being withheld on the basis of relevance, including MS-001418-001421 and MS 001612-001623. [#44-1 at 1; #47-1 at 1].

**II.     Privilege**

In its privilege logs, Defendant invokes the attorney-client privilege and attorney work product doctrine to preclude discovery on at least MS-001410-001413 and MS-001422,

MS001624-001639. [#44-1, #47-1]. Plaintiff requests that the court review these documents *in camera* to determine whether they are appropriately protected from disclosure by either the attorney-client privilege or the attorney work product doctrine.[3] [#44 at 3]. Defendant argues that it has properly invoked the attorney-client privilege and attorney work product doctrine to shield disclosure of documents created prior to the inception of this litigation, as counsel was retained on March 20, 2013 to start a pre-litigation defense. [#47 at 2].

Before the court can reach the substance of the dispute, it must examine Defendant's privilege logs [#44-1, #47-1]. In doing so, this court concludes that the privilege logs are deficient. The very purpose of a privilege log is to provide information sufficient for a party and the court to ascertain whether a privilege may attach, even without *in camera* review. Accordingly, privilege logs should identify the document, its nature, its author or origin, all recipients, the dates associated with the creation and/or communication of the document, the general topic without disclosing the substance that is privileged but sufficiently detailed as to indicate why the privilege was invoked, and the privilege invoked. *See Wildearth Guardians v. U.S. Forest Service,* 713 F. Supp. 2d 1243, 1266–1267 (D. Colo. 2010). Privilege log entries may be deemed insufficient when they are missing "a descriptive indication as to why the document fits the elements of the privilege—for example, that it was not shared with a larger group and therefore not confidential." *Id.* Privilege logs like Defendant's, which merely reflect the bates numbers of the documents and include generic descriptions like "additional claim notes" simply do not amount to a proper privilege log.

---

[3] While Plaintiff refers to a Supplemental Privilege Log attached as Exhibit 2, it does not appear that any such privilege log was attached, *see* [#44-2], and it is unclear to the court whether the Second Privilege Log attached by Defendant at [#47-1] is the Supplemental Privilege Log to which Plaintiff refers in his filing.

Upon review of certain of the redacted materials, *see e.g.*, [#44-5 at 2; #47-6], it appears that some entries are likely privileged [#47-9 at 1, 4/21/2015 claim note] while it is impossible to ascertain whether other redactions are proper due to the large amount of redaction and the lack of a sufficient privilege log. [#44-5 at 2]. To the extent that Defendant intends to invoke privilege on any document or redaction, it must propound updated privilege logs no later than May 5, 2016, which conform to the foregoing requirements set forth in *Wildearth Guardians*. Otherwise, the documents currently withheld by Defendant on the grounds of attorney-client privilege or work product doctrine should be produced no later than May 5, 2016. After Plaintiff has an opportunity to review the amended privilege logs and meet and confer regarding any ongoing dispute about privileged documents, the Parties will contact the court no later than May 12, 2016 for an informal discovery conference on that limited issue.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) Defendant Mountain States Mutual Casualty Company will produce reserve and settlement authority information being currently withheld no later than **May 5, 2016**;

(2) To the extent that it intends to continue invoking privilege with respect to any other documents, Defendant Mountain States Mutual Casualty Company will provide an amended privilege log no later than **May 5, 2016**; and

(3) To the extent that any dispute remains with respect to the privileged documents, the Parties will contact the chambers of the undersigned Magistrate Judge no later than **May 12, 2016** to schedule an informal discovery dispute conference.

DATED: April 28, 2016                    BY THE COURT:

                                                   s/Nina Y. Wang_____
                                                   United States Magistrate Judge